UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LEE MORTENSEN,<br><br>Petitioner,<br><br>v.<br><br>ROBERT RADCLIFFE,<br><br>Respondent. | No. 2:16-cv-1692 DB P<br><br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of a magistrate judge. Before the court is petitioner's motion to proceed in forma pauperis and petition for initial screening.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

A review of petitioner's petition shows that he had not exhausted his state remedies prior to filing his petition. This court may only consider claims that have been exhausted in state court. See 28 U.S.C. § 2254 (b)(1). In order to satisfy the federal exhaustion requirement, a state prisoner must fairly present all of his federal claims to the state's highest court before he presents them to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v.

1

| | |
|---|---|
| 1 | Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). In |
| 2 | his petition, petitioner states that he has not yet received a result from the California Supreme |
| 3 | Court because he is "still in trial." (Pet. at p. 5 (ECF No. 1 at 7).) Petitioner had not, therefore, |
| 4 | exhausted his claims before bringing the present petition. |

The court further notes that petitioner states he is challenging his state court case no. CM044227. On September 14, 2016, petitioner filed a second petition for writ of habeas corpus with this court as case no. 2:16-cv-2187 MCE AC. In that petition, petitioner also asserts that he is challenging state court case no. CM044227. In the petition in case no. 2:16-cv-2187, petitioner further states that he was convicted on July 18, 2016. If petitioner raises different claims in the present petition than those raised in case no. 2:16-cv-2187, he may seek to amend his petition in that more recent case to assert those claims.

Accordingly, IT IS HEREBY ORDERED that the petition is dismissed without prejudice for failure to exhaust. The Clerk of the Court is directed to close this case.

Dated: August 2, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/mort1692.scrn

2